UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA L. YEE,

               Plaintiff,               CIVIL ACTION NO. 17-cv-10328

         v.                     DISTRICT JUDGE MARK A. GOLDSMITH

COMMISSIONER OF              MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

               Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Veronica L. Yee seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 14). Plaintiff replied to Defendant's Motion for Summary Judgment, and with leave of court, Defendant responded to Plaintiff's Reply. (Docket nos. 15, 17.) The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 11) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 14) be **GRANTED**.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on May 2, 2014, alleging that she has been disabled since December 31, 2001, due to depression, bipolar disorder, anxiety, migraines, and a thyroid disorder.  (TR 66, 103-05, 123.)  The Social Security Administration denied Plaintiff's claims on August 6, 2014, and Plaintiff requested a *de novo* hearing.  (TR 59-66, 73-74.)  On November 4, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Kari Deming.  (TR 29-58.)  In a November 30, 2015 decision, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels subject to some non-exertional limitations and that she was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy.  (TR 15-25.)  The Appeals Council declined to review the ALJ's decision (TR 1-6), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 11 at 8-12) and the ALJ (TR 18-20, 21-23, 24) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Defendant incorporates the ALJ's recitation of the facts into her brief.  (Docket no. 14 at 4.)  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the

undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff did not engage in substantial gainful activity during the period from the alleged onset date of December 31, 2001 through the date last insured of December 31, 2006.  (TR 17.)   Next, the ALJ determined that Plaintiff suffered from the following severe impairments: dysthymic disorder, bipolar disorder, and major depressive disorder.  (TR 17.)   Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 17-20.)   The ALJ then found that, through the date last insured, Plaintiff had the following RFC:

> Claimant had the residual functional capacity to perform a full range of work at all exertional levels limited to work permitting the Claimant to perform simple, routine tasks, defined as those generally mastered within 30 days; goal-oriented rather than production-rate work; routine and predictable work, defined as no more than occasional changes in the work to be performed or to the work setting; work requiring only occasional, simple, work-related decisions; work involving occasional interaction, defined as up to one-third of the day, with coworkers and supervisors, but only rare interaction defined as less than one-third of the day, with the public.  The claimant must also be permitted to be absent from work one day per month.

(TR 20-23.)   Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy.  (TR 24.)   Therefore, the ALJ found that Plaintiff was not disabled under the Social

Security Act at any time from December 31, 2001, through the date last insured of December 31, 2006.  (TR 15, 25.)

## V.      LAW AND ANALYSIS

### A.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.   Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).   Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which

4

the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.     Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).    This "substantial evidence" may be in the form of vocational expert testimony in

response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C.    Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).   Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) "the ALJ erred in failing to consider the opinion provided by [Plaintiff's] treating psychiatrist;" (2) "the ALJ erred in analyzing the treatment notes of [Plaintiff's] treating psychiatrist by relying upon factual mistakes as to medications;" (3) "the ALJ erred in analyzing the treatment notes of [Plaintiff's] treating psychiatrist by relying upon GAF scores;" and (4) "the ALJ erred in giving significant weight to the state-agency psychiatrist's opinion although it had been rendered stale by additional significant evidence exhibited later."  (Docket no. 11 at 4, 16-23.)

6

1.   *The ALJ's Consideration of Plaintiff's Treating Psychiatrist's Opinion*

Plaintiff argues that the ALJ erred by failing to consider and/or mention in her decision the May 1, 2015 medical opinion of Plaintiff's treating psychiatrist, Chalakudy Ramakrishna, M.D.  (Docket no. 11 at 16-18.)  It is well settled that the opinions of treating physicians are generally accorded substantial deference.  In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors:  (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors.  20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).  *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)).  An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation."  *Nelson v. Comm'r*

*of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

The parties have advanced several arguments and counter arguments regarding this issue in their briefing. (Docket no. 11 at 16-18; docket no. 14 at 7-13; docket no. 15 at 3-6; docket no. 17 at 4-9.) The prevailing argument, though, is that of Defendant, who points out that the Sixth Circuit has recently held that an ALJ does not commit reversible error by failing to evaluate a medical opinion prepared after a claimant's insured status has expired, because the opinion is not relevant to the claimant's condition during the insured period. (*See* docket no. 17 at 5-7 (citing *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016), *reh'g denied* (Sept. 13, 2016) (citing *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("[E]vidence of

disability obtained after the expiration of insured status is generally of little probative value."))).) Here, Dr. Ramakrishna authored the opinion at issue on May 1, 2015, over eight years after Plaintiff's date last insured of December 31, 2006, and there is no indication anywhere in the record that the opinion relates to Plaintiff's condition during the period of alleged disability, December 31, 2001 to December 31, 2006. Accordingly, Dr. Ramakrishna's opinion is not relevant to the instant matter, and the ALJ did not err by not addressing it. Plaintiff's Motion for Summary Judgment should therefore be denied with regard to this issue.

2.     *The ALJ's Assessment of Dr. Ramakrishna's Treatment Records*

Plaintiff argues that the ALJ incorrectly analyzed Dr. Ramakrishna's May and July 2005 treatment records as stating that Plaintiff had been off of her medications and that the ALJ erred by relying upon that incorrect analysis in developing Plaintiff's RFC. (Docket no. 11 at 18-19.) Plaintiff argues that the treatment notes cited by the ALJ show that Plaintiff was indeed compliant with her medications in May and July of 2005. (*Id.*)

In developing Plaintiff's RFC, the ALJ summarized Dr. Ramakrishna's May and July 2005 treatment records as follows:

> On May 5, 2005, the claimant complained of difficulty concentrating, mood swings, and difficulty sleeping. The claimant had been off her medications. The claimant was diagnosed with a bipolar disorder (Exhibits 1F and 4F).
>
> On July 2, 2005, Dr. Ramakrishna noted that the claimant had been off her medications and developed mood swings. Once the claimant became compliant with her medications, Dr. Ramakrishna noted the claimant exhibited improved concentration, an even mood, and improved sleep. The claimant was assessed with a GAF of 75, which indicates only slight limitation in overall functioning (Exhibit 1F).

(TR 22.) Plaintiff is correct that the ALJ misinterpreted Dr. Ramakrishna's May 5, 2005 treatment record, as it does not contain a notation that Plaintiff was off of her medications. (TR

191.)  There is such a notation in the July 2, 2005 treatment record, however.  Specifically, when discussing Plaintiff's history of present illness, Dr. Ramakrishna stated:

> This is a 40-year-old married Caucasian female with a history of depression, anxiety, and panic attacks.  Had been seeing me for quite sometime [sic].  She was off of medication.  She got mood swings.  She has got hypothyroidism.  The patient was required to see Dr. Krithtolia and she has been put on Depakote ER 500 mg at h.s., and Zoloft 200 mg in the morning.  Has been doing well.  Sleep is good, appetite is good, and concentration is good.  Mood is even.

(TR 192.)

Dr. Ramakrishna's July 2, 2005 treatment record is not a model of clarity, particularly where Dr. Ramakrishna does not specify when Plaintiff was off of her medication or when she experienced mood swings.  Accordingly, interpretations of this record may certainly vary in some respects, and the ALJ's interpretation thereof is neither unreasonable nor inaccurate.  A further reading of the ALJ's decision shows that she interpreted Dr. Ramakrishna's July 2, 2005 treatment record to mean that Plaintiff did well when she was compliant with her medications, *i.e.,* she enjoyed good sleep and exhibited good concentration and an even mood.  (*See* TR 21-23.)  Notably, Plaintiff does not dispute the ALJ's finding that she did well on her medications, and the finding is also supported by many of Dr. Ramakrishna's treatment records from the period of alleged disability.  (*See* TR 188, 189, 192, 196.)  The ALJ then relied upon this finding to assess Plaintiff's RFC.  Specifically, the ALJ stated that Plaintiff's RFC is based in part upon Dr. Ramakrishna's treatment records from the period at issue, in which Dr. Ramakrishna consistently noted that Plaintiff did well with medication and exhibited good concentration and good memory.  (TR 23.)  While there may be other appropriate interpretations of Dr. Ramakrishna's July 2, 2005 treatment record, it is the role of the ALJ, not the Court, to interpret and resolve conflicts in the evidence.  *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir.

2003). Furthermore, at no point does the ALJ discount Plaintiff's credibility on the basis of being non-compliant with her medications. For these reasons, the portion of Plaintiff's Motion for Summary Judgment concerning the ALJ's assessment of Dr. Ramakrishna's treatment records should be denied.

### 3. The ALJ's Consideration of Plaintiff's GAF Scores

In discussing Dr. Ramakrishna's treatment records dated October 23, 2003 to May 11, 2006, the ALJ cited the Global Assessment of Functioning (GAF) scores that Dr. Ramakrishna assigned to Plaintiff, and she noted that "Dr. Ramakrishna consistently characterized [Plaintiff's] overall level of functioning with GAF scores of 65-75, which indicate only mild impairment in functioning." (TR 21-22.) Plaintiff argues that the ALJ erred by relying upon the GAF scores because they lack probative value in determining limitations for Social Security purposes. (Docket no. 11 at 19-21.) Plaintiff relies on the Social Security Administration's Administrative Message 13066 (AM-13066) dated July 22, 2013, to support her argument, which message does indeed note several problems with using GAF scores to evaluate disability, such as the fact that the GAF scores are not standardized, they are not designed to predict the outcome of treatment, and the GAF scores are very general and therefore need sufficient supporting detail to have any significant meaning. Despite these flaws, AM-13066 provides that a GAF score is a medical opinion under the Regulations and that it should be considered by the ALJ in conjunction with all of the other relevant record evidence when assessing disability claims involving mental disorders. Here, a plain reading of the ALJ's decision demonstrates that the ALJ did not rely solely on Plaintiff's GAF scores in reaching her determination regarding Plaintiff's disability claims; she also considered Plaintiff's subjective complaints, Dr. Ramakrishna's treatment notes, and the opinion of the state-agency psychiatrist, Dr. Ashok Kaul. Accordingly, the ALJ's

consideration of Plaintiff's GAF scores comports with the requirements of AM-13066, and Plaintiff's argument in this regard is unavailing.

### 4. The ALJ's Assessment of Dr. Kaul's Opinion

Lastly, Plaintiff argues that the ALJ erred in assigning significant weight to Dr. Kaul's August 6, 2014 opinion because it was rendered stale by the subsequent issuance of Dr. Ramakrishna's May 1, 2015 opinion. (Docket no. 11 at 21-22 (quoting *Haslam v. Comm'r of Soc. Sec.*, No. 16-11793, 2017 WL 2200899, at *4 (E.D. Mich. Feb. 28, 2017), *report and recommendation adopted*, No. 16-cv-11793, 2017 WL 2727882 (E.D. Mich. Mar. 15, 2017) ("Although there is no categorical requirement that a non-treating source's opinion be based on a 'complete' record, courts have recognized that, under certain circumstances, it is error for the ALJ to accord significant weight to a 'stale' opinion of a non-treating source.")).) As discussed above, however, Dr. Ramakrishna's May 1, 2015 opinion is not relevant to the issue in this case of whether Plaintiff was disabled at any time from December 31, 2001 to December 31, 2006. Accordingly, Dr. Ramakrishna's opinion did not render Dr. Kaul's opinion stale, and Plaintiff's Motion for Summary Judgment should be denied.

## VI. CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 11) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 14).

## <u>REVIEW OF REPORT AND RECOMMENDATION</u>

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:  January 31, 2018          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  January 31, 2018          s/ Leanne Hosking
                                  Case Manager