UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA L. YEE,

        Plaintiff,                        Civil Action No. 17-cv-10328

vs.                                       HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 19), (2) ACCEPTING THE
RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 18), (3) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 11), AND (4) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14)**

In this social security case, Plaintiff Veronica L. Yee appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Mona K. Majzoub for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 11, 14), and Magistrate Judge Majzoub issued an R&R recommending that the Court deny Yee's motion for summary judgment and grant the Commissioner's motion for summary judgment (Dkt. 18). Brown filed an objection to the R&R (Dkt. 19); the Commissioner subsequently filed a response (Dkt. 20).

For the reasons that follow, the Court overrules Yee's objection and accepts the recommendation contained in the Magistrate Judge's R&R. Yee's motion is denied and the Commissioner's motion is granted. The final decision of the Commissioner is affirmed.

**I. LEGAL STANDARD**

1

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Yee offers one objection: the Magistrate Judge erred in finding that the ALJ was not under an obligation to discuss the May 2015 opinion of her treating psychiatrist. The Court concludes that Yee's objection lacks merit.

On May 2, 2014, Yee filed an application for a period of disability and disability insurance benefits. See A.R. at 66, 103-105, 123. In her application, Yee states that, since December 31, 2001, she has suffered from depression, bipolar disorder, anxiety, migraines, and a thyroid disorder. Id. at 59-66, 73-74. Yee seeks benefits for the period of December 31, 2001 through December 31, 2006, the date last insured. Id. at 17. The ALJ ultimately concluded that while Yee suffered from severe impairments, her residual functional capacity ("RFC") allowed her to perform

a significant number of jobs in the national economy. Id. at 24. As a result, the ALJ ruled that Yee was not disabled from December 31, 2001 through December 31, 2006, and thus was not entitled to disability benefits.

In her decision denying benefits, the ALJ did not discuss the May 1, 2015 medical opinion of Dr. Chalakudy Ramakrishna, Yee's treating psychiatrist. Yee argues that this failure to address Dr. Ramakrishna's May 2015 opinion constitutes reversible error. The Magistrate Judge disagreed, relying on the Sixth Circuit's ruling in Conner v. Comm'r of Soc. Sec., 658 F. App'x 248 (6th Cir. 2016). In Conner, the plaintiff argued that the ALJ erred in failing to discuss a May 2013 medical opinion by his treating physician. The court began by noting that 20 C.F.R. § 404.1502 requires the ALJ to give controlling weight to a treating source's opinion if it is well-supported by medical acceptable evidence and diagnostic techniques, and not inconsistent substantial evidence in the claimant's file. Id. at 253. The court noted that if controlling weight is not given to the opinion of the treating source, the ALJ must provide a "good reason," such as the opinion is not supported by sufficient findings and is inconsistent with evidence in the case file. Id. (internal citation omitted).

The Sixth Circuit noted that "[a]dmittedly, the ALJ did not discuss the 2013 opinion of [the treating physician]." Id. at 254. However, the court held that that discussion of this opinion was unnecessary for a few reasons. First, the May 2013 opinion was prepared after the plaintiff's insured status expired. The court noted that "evidence of disability obtained after the expiration of insured status is generally of little probative value." Id. (quoting Strong v. Soc. Sec. Admin., 88 Fed. Appx. 841, 845 (6th Cir. 2004)). Further, the court held that the May 2013 opinion was unworthy of discussion because "the evaluation process requires an assessment of [the claimant's] condition during the relevant insured period." Id.

3

The Magistrate Judge found that, based on Conner, because Dr. Ramakrishna evaluated Yee after the date he was last insured, and because the opinion did not relate to the period of alleged disability, Yee was not entitled to disability benefits. Yee now argues that Conner is distinguishable from the present case. She notes that in Conner, the ALJ discussed, and gave little weight to, an October 2012 medical opinion by the treating physician. Yee argues that because the ALJ in Conner discussed the October 2012 opinion, those findings "applied equally" to the physician's May 2013 opinion. Yee is incorrect. The Sixth Circuit noted that while the October 2012 and May 2013 evaluations both failed to establish "an increased debilitating state," the May 2013 opinion was entirely irrelevant because, unlike the 2012 opinion, it did not assess the plaintiff's condition during the relevant insured period. Id.

Yee next argues that the court in Conner held that the ALJ's failure to discuss the May 2013 opinion was error, albeit harmless error. She notes the court's statement that an "ALJ's failure to evaluate all opinion of record may denote a lack of substantial evidence to support the decision." Id. Contrary to Yee's reading, this statement was not a conclusion that the ALJ committed error. In the very next sentence, the court states that "[h]owever, here, the ALJ notes that [the treating physician's] May 2013 medical source statement was prepared after Conner's insured status expired," and that such statements are entitled to very little probative value. Id. Thus, Yee is mistaken that the court concluded that the ALJ committed error by not discussing the May 2013 opinion.

Finally, Yee contends that the Magistrate Judge "oversimplified" the holding of Conner, by stating that it holds that any opinion dated after the date last insured is irrelevant. It does not appear that the Magistrate Judge interpreted Conner in that fashion. While the Magistrate Judge noted that evidence obtained after the date last insured is generally of little probative value, her

holding also rested on the finding that "there is no indication anywhere in the record that the opinion relates to Plaintiff's condition during the period of alleged disability, December 31, 2001 to December 31, 2006."  See R&R at 9.  Beyond noting that the May 2015 evaluation was conducted after the period of insurance, the Magistrate Judge also correctly noted that the evaluation did not involve an assessment of Yee's condition during the relevant period.  As a result, it cannot be said that the Magistrate Judge misread the holding of Conner.

### III. CONCLUSION

For the foregoing reasons, the Court overrules Yee's objection (Dkt. 19) and accepts the recommendation contained in the Magistrate Judge's R&R (Dkt. 18).  Yee's motion for summary judgment (Dkt. 11) is denied and the Commissioner's motion for summary judgment (Dkt. 14) is granted.

SO ORDERED.

Dated: March 12, 2018    s/Mark A. Goldsmith
 Detroit, Michigan    MARK A. GOLDSMITH
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2018.

    s/Karri Sandusky
    Case Manager